IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREAT AMERICAN INSURANCE )
COMPANY OF NEW YORK, *a New York* )
*Corporation*, )
 )
     Plaintiff, )
 ) CIVIL ACTION NO. 3:09-124
  v. ) JUDGE KIM R. GIBSON
 )
INTERNATIONAL CUSTOM )
PRODUCTS, INC., *a Pennsylvania* )
*Corporation*, and DENNIS RAYBUCK, *a* )
*Citizen of Pennsylvania*, )
 )
     Defendants. )

## MEMORANDUM ORDER

**I. SYNOPSIS**

This matter comes before the Court on the Motion for Certification of Final Judgment Pursuant to Rule 54(b) (Doc. No. 79) filed by Defendants International Custom Products, Inc. ("ICP") and Dennis Raybuck (collectively, "Defendants"), Defendant Raybuck's Motion for Stay Pursuant to Rule 62(c) (Doc. No. 83), and Plaintiff Great American Insurance Company of New York's ("Great American") "Motion to Require Defendants to Show Cause Why They Should Not be Held in Contempt of Court" (Doc. No. 78). For the reasons that follow, the Court will **GRANT** Defendants' motion to certify and **DENY** the other motions.

**II. BACKGROUND**

The instant motions stem from Defendants' dissatisfaction with the Court's Memorandum and Order of Court dated March 31, 2011 ("March Order") (Doc. No. 54), which granted in part and denied in part the parties' motions for summary judgment. Specifically, the Court: (1) granted Great American's request for specific performance of the contractual

1

provision obligating Defendants to post collateral regarding demands made by U.S. Customs and Border Protection against bonds issued by Great American; (2) ordered Defendants to post $550,000 as collateral in escrow with Great American; and (3) denied as unripe Great American's request for a declaration as to Defendants' duty to indemnify. Defendant Raybuck filed a Motion for Reconsideration (Doc. No. 55), and the Court reconsidered its decision. By Memorandum and Order of Court dated October 31, 2011 ("October Order") (Doc. No. 77), the Court: (1) reversed its prior finding that the 2005 Indemnity Agreement between the parties was ambiguous; (2) upheld its March 31, 2011 decision on other grounds; (3) once again ordered Defendants to post $550,000 as collateral in escrow with Great American; and (4) denied Defendant Raybuck's request for certification for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b).

Subsequently, the parties filed the three pending motions, and Defendants filed for appellate review of the Court's March and October Orders. The United States Court of Appeals for the Third Circuit apprised the parties that its authority to hear the appeal depends on this Court's disposition of Defendants' motion to certify. (See Doc. No. 84). Accordingly, the Court will address the motion to certify and the other related motions.

### III. DISCUSSION

#### A. Defendants' Motion for Certification of Final Judgment

Defendants request that the Court certify the October Order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). In particular, Defendants contend that the October Order "constitutes a final decision on the merits of Count II" of Great American's Complaint because the Court granted partial summary judgment in favor of Great American and directed Defendants to post collateral. (See Doc. No. 79 at ¶¶ 6-9).

2

Rule 54(b) governs the certification of final decisions in multiple-claim actions and provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). The Third Circuit has explained that "the rule was designed in an attempt 'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)). Accordingly, "[a] decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Id.* (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

Instantly, the Court finds that there has been a final judgment on the merits; the Court disposed of Great American's claim for specific performance of the contractual provision requiring Defendants to post collateral by granting summary judgment in Great American's favor as to this claim. Regarding the second finding, whether there is "just reason for delay," the Third Circuit has instructed district courts to consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

3

*Berckeley*, 455 F.3d at 203 (quoting *Allis-Chalmers*, 521 F.2d at 364); *Riley v. Beard*, Civ. A. No. 08-1675, 2011 U.S. Dist. LEXIS 73228, *6 (W.D. Pa. 2011).

Upon consideration of these factors, the Court finds that there is no just reason for delay. Regarding the first factor, Great American's request for specific performance of the collateral provision is separate and distinct from its claim that Defendants must ultimately indemnify Great American. As to the second and third factors, this Court does not anticipate that the Defendants' duty to post collateral will be mooted by a future development in this Court, nor will the Third Circuit be required to consider the issue a second time. With respect to the fourth factor, there is no claim or counterclaim which could ultimately result in set-off against the judgment sought to be made final. Finally, timing and solvency issues militate in favor of certifying the judgment as final; Defendants argue that posting collateral would bankrupt them, (see Doc. No. 79-1), while Great American contends the collateral will be of no use unless Defendants post it sooner rather than later, (see Doc. No. 82 at 4). Accordingly, the Court will **GRANT** Defendants' motion to certify.

### B.    Defendant Raybuck's Motion to Stay

Pursuant to FRCP 62(c), Defendant Raybuck also requests that the Court stay the portions of its March and October Orders directing him to post $550,000 collateral with Great American. (See Doc. No. 83 at 1).[1] To obtain a stay pending appeal, a party must generally establish four factors: (1) that the party is likely to succeed on the merits of the appeal, (2) that unless a stay is granted, it will suffer irreparable injury, (3) that no substantial harm will come to other interested parties, and (4) that a stay will do no harm to the public interest. *AARP v. Equal Emp't Opportunity Comm'n*, 390 F. Supp. 2d 437, 462 (E.D. Pa. 2005) (citing *Howes v. Med.*

---

[1] To be clear, the March and October orders directed Defendants (ICP and Raybuck) to post collateral. (See Doc. Nos. 54; 77).

4

*Components, Inc.*, 741 F. Supp. 528, 530 (E.D. Pa. 1990)); see also *Ellis v. Ethicon, Inc.*, Civ. A. No. 05-726(FLW), 2010 U.S. Dist. LEXIS 98603, *4-5 (D.N.J. 2010) ("When evaluating a motion for a stay pending an appeal, the district court must consider: (1) whether the stay applicant has made a strong showing that he/she is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)).

The Court will **DENY** Defendant Raybuck's motion to stay because he has failed to establish these four factors. Specifically, the Court concludes that: (1) Defendant Raybuck is not likely to prevail on appeal;[2] (2) Defendant Raybuck's unsubstantiated allegations that he would be bankrupted by posting collateral are insufficient to establish that he would suffer irreparable injury; (3) Great American would likely be harmed by an extended delay in the posting of collateral; and (4) further delaying the performance of a valid contract is against the public interest.

### C.    Great American's Show Cause Motion

In its motion, Great American requests that the Court issue an order requiring Defendants to show cause why they should not be held in contempt for failing to post collateral in accordance with the October Order. (See Doc. No. 78). As discussed above, the Court has certified its decision on this matter as a final judgment, and review by the Third Circuit appears imminent. Accordingly, the Court will **DENY** Great American's motion. However, the Court

---

[2] The Court reached a similar conclusion in its October Order when it denied Defendant Raybuck's request for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b). (See Doc. No. 77 at 8-9).

5

will **GRANT** Great American leave to re-file the motion, if appropriate, after the Third Circuit has resolved Defendants' pending appeal.

## VI. CONCLUSION

For the stated reasons, the Court **GRANTS** Defendants' Motion for Certification of Final Judgment Pursuant to Rule 54(b) (Doc. No. 79), **DENIES** Defendant Raybuck's Motion for Stay Pursuant to Rule 62(c) (Doc. No. 83), and **DENIES** Great American's "Motion to Require Defendants to Show Cause Why They Should Not be Held in Contempt of Court" (Doc. No. 78). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREAT AMERICAN INSURANCE )
COMPANY OF NEW YORK, *a New York* )
*Corporation* )
)
        Plaintiff, )
) CIVIL ACTION NO. 3:09-124
v. ) JUDGE KIM R. GIBSON
)
INTERNATIONAL CUSTOM )
PRODUCTS, INC., *a Pennsylvania* )
*Corporation*, and DENNIS RAYBUCK, *a* )
*Citizen of Pennsylvania*, )
)
        Defendants. )

## ORDER

**AND NOW,** this 12th day of December, 2011, upon consideration of the Motion for Certification of Final Judgment Pursuant to Rule 54(b) (Doc. No. 79) filed by Defendants International Custom Products, Inc. ("ICP") and Dennis Raybuck (collectively, "Defendants"), Defendant Raybuck's Motion for Stay Pursuant to Rule 62(c) (Doc. No. 83), and Plaintiff Great American Insurance Company of New York's ("Great American") "Motion to Require Defendants to Show Cause Why They Should Not be Held in Contempt of Court" (Doc. No. 78), and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendants' motion for certification is **GRANTED**, Defendant Raybuck's motion for stay (Doc. No. 83) is **DENIED**, and Great American's motion (Doc. No. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Great American is **GRANTED** leave to re-file its motion, if appropriate, after the United States Court of Appeals for the Third Circuit resolves Defendants' pending appeal in this matter.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**